## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Cynthia Buzzelli, | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-00849 |
| v. | : |
| Northstar Location Services, LLC; and DOES 1-10, inclusive, | : **DEMAND FOR JURY TRIAL** |
| Defendants. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Cynthia Buzzelli, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Cynthia Buzzelli ("Plaintiff"), is an adult individual residing in Travers City, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street , Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by Northstar and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

10.      Northstar attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Northstar Engages in Harassment and Abusive Tactics

11.      On or about March 16, 2015, Northstar called Plaintiff's daughter and disclosed that it was calling to collect the Debt from Plaintiff.  This disclosure caused Plaintiff a great deal of stress an embarrassment.

12.      Thereafter, Plaintiff called Northstar.  Northstar threatened to garnish Plaintiff's wages if she did not pay the Debt.  This threat was false, as Northstar neither sued nor obtained judgment against Plaintiff.

C. **Plaintiff Suffered Actual Damages**

13.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

14.    As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

15.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.    Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff's daughter for a purpose other than to confirm or correct location information.

17.    Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants disclosed to Plaintiff's daughter that Plaintiff owed the Debt.

18.    Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's daughter regarding the Debt.

19.    Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.    Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

21.    Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  Punitive damages; and

5.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 21, 2015

Respectfully submitted,

By: <u>/s/ Sergei Lemberg, Esq.</u>
Attorney for Plaintiff Cynthia Buzzelli
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com